1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL MARKEL WESLEY HALL,

11            Petitioner,                   No. 2:10-cv-0560-JFM (HC)

12        vs.

13   TIM VIRGA,[1]

14            Respondent.             <u>ORDER</u>

15   _____/

16            Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is proceeding before a United States

18   Magistrate Judge pursuant to 28 U.S.C. § 636(c).  <u>See</u> Consents filed March 16, 2010 and May

19   14, 2010.  Petitioner challenges his 2005 conviction, entered pursuant to a plea of nolo

20   contendere, for possession of an assault weapon and an admitted prior strike conviction.  This

21   matter is before the court on respondent's motion this action on the ground that it is barred by the

22   statute of limitations.

23   /////

24   /////

25   _____

26        [1]  Good cause appearing, respondent's request to substitute Tim Virga, Acting Warden of
     Folsom State Prison, as respondent in this action is granted.

                                        1

Section 2244(d)(1) of title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On April 28, 2005, petitioner was convicted pursuant to his no contest plea and sentenced to twelve years and eight months in state prison.  Petitioner did not appeal his conviction.

2.  On or about November 20, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  That petition was denied on May 20, 2009.

3.  On March 9, 2010, the instant action was opened with the filing of a petition for writ of habeas corpus signed by petitioner and delivered to prison officials for mailing on March 7, 2010.

1    The time for petitioner to file a direct appeal expired on June 27, 2005, sixty days

2  after he was convicted, see Cal. Rules of Court, rule 8.308, and the federal habeas corpus statute

3  of limitations began to run the next day, on June 28, 2005.  See Patterson v. Stewart, 251 F.3d

4  1243, 1246 (9th Cir. 2001).  It expired one year later.  During that one year period, petitioner did

5  not file any petition for postconviction relief in any state court.  He did not seek collateral review

6  of his conviction in any court until November 2008, more than two years after the limitation

7  period expired, and the instant action was not filed until almost three years after the limitation

8  period expired.[2]

9    In opposition to the motion to dismiss, petitioner asserts that he is "entitled to

10  equitable tolling due to mental illness."  Petitioner's Opposition to Motion to Dismiss, filed June

11  10, 2010, at 1.  By order filed June 30, 2010, petitioner was granted a period of thirty days from

12  the date of this order to file any evidence he has which supports the  contention that he is entitled

13  to equitable tolling of the limitation period due to mental illness, and respondent was granted a

14  period of ten days in which to file additional evidence in support of the motion to dismiss.  Both

15  parties filed responses to the June 30, 2010 order.

16    A habeas petitioner is entitled to equitable tolling of the limitation period "only

17  when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a

18  petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'

19  Grounds for equitable tolling under § 2244(d) are 'highly fact-dependent.'"  Laws v. Lamarque,

20  351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003)

21  and Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)).  The only evidence

22  filed by petitioner shows that he was admitted to the California Department of Corrections and

23  Rehabilitation (CDCR) enhanced outpatient (EOP) treatment program for mental health care

24  treatment in September 2009, well after the limitation period expired.  Respondent has filed

25

26    [2]  The November 2008 petition for relief filed in the state supreme court did not revive the
expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

1    petitioner's complete CDCR mental health records.  Those records contain no evidence that

2    petitioner was treated for mental illness in CDCR at any time before the statute of limitations

3    expired.  Thus, petitioner has not demonstrated that he is entitled to equitable tolling during any

4    relevant time period.

5             For all of the foregoing reasons, this action is barred by the statute of limitations

6    and must be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the

7    United States District Courts, "[t]he district court must issue or a deny a certificate of

8    appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. §

9    2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

10   made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

11   court must either issue a certificate of appealability indicating which issues satisfy the required

12   showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

13            Where, as here, the petition is dismissed on procedural grounds, a certificate of

14   appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

15   debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

16   reason would find it debatable whether the petition states a valid claim of the denial of a

17   constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

18   McDaniel, 529 U.S. 473, 484 (2000)).

19            After careful review of the entire record herein, this court finds that petitioner has

20   not satisfied the first requirement for issuance of a certificate of appealability in this case.

21   Specifically, there is no showing that jurists of reason would find it debatable whether this action

22   is barred by the statute of limitations.  Accordingly, the court will not issue a certificate of

23   appealability.

24   /////

25   /////

26   /////

4

1          In accordance with the above, IT IS HEREBY ORDERED that:

2          1.  Respondent's May 19, 2010 motion to dismiss is granted;

3          2.  This action is dismissed as barred by the statute of limitations; and

4          3.  This court declines to issue a certificate of appealability.

5    DATED: September 17, 2010.

6

7

8                                            UNITED STATES MAGISTRATE JUDGE

9
     12
10   hall0560.mtd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26